**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

| | |
|---|---|
| PATRICIA A. EASON,<br><br>    Plaintiff,<br><br>v.<br><br>BERRIEN COUNTY SCHOOL DISTRICT,<br><br>    Defendant. | Civil Action 7:09-CV-115 (HL) |

**ORDER**

This case is before the Court on Defendant's Motion for Summary Judgment (Doc. 28). The Motion has been fully briefed by the parties and is ripe for adjudication. After review of the briefs, pleadings, discovery materials, and relevant case law, the Court grants Defendant's Motion.

**I.	BACKGROUND**

Plaintiff was a long time employee of the Berrien County School District. She rose through the ranks in the district's cafeterias, and was eventually made assistant manager of the high school cafeteria for the last month of the 2007-2008 school year and for the 2007-2008 school year. In early 2008, Plaintiff requested and was granted six weeks of leave under the Family and Medical Leave Act (the "FMLA") so that she could have surgery. The requested leave began on March 10 and ended on April 21, 2008. When Plaintiff returned to work on April 21, she was informed that she was being demoted from assistant manager to cook. Plaintiff subsequently resigned from her job, and filed this lawsuit, in which she alleges that she was

discriminated against based on her age, that her rights under the FMLA were interfered with because she was not reinstated to her assistant manager position upon return to work, and that she was retaliated against for taking leave under the FMLA. Defendant has moved for summary judgment on all of Plaintiff's claims.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment must be granted if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue to any material facts and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A genuine issue of material fact arises only when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 2510 (1986).

When considering a motion for summary judgment, the Court must evaluate all of the evidence, together with any logical inferences, in the light most favorable to the nonmoving party. Id. at 254-55. The Court may not, however, make credibility determinations or weigh the evidence. Id. at 255.

The moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of a material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553 (1986) (internal quotation marks omitted). If the moving party meets this

2

burden, the burden shifts to the nonmoving party to go beyond the pleadings and present specific evidence showing that there is a genuine issue of material fact, or that the moving party is not entitled to judgment as a matter of law. Id. at 324-26. If the evidence that the nonmovant presents, however, is "not significantly probative" or is "merely colorable," then summary judgment may be granted. Anderson, 477 U.S. at 249. This evidence must consist of more than mere conclusory allegations. *See* Avrigan v. Hull, 932 F.2d 1572, 1577 (11th Cir. 1991). Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322.

## III. ANALYSIS

### A. Age Discrimination Claim

In her response to Defendant's motion with regard to the age discrimination claim, Plaintiff acknowledges that the claim is not sustainable. Therefore, the School District is entitled to summary judgment on the age discrimination claim.

### B. FMLA Claims

The FMLA allows an eligible employee with a serious health condition that makes the employee unable to perform the functions of the employee's position to take twelve weeks of leave during any twelve-month period. 29 U.S.C. § 2612(a)(1).[1]

---

[1] The parties do not dispute that Plaintiff was an eligible employee, or that she was entitled to the FMLA leave taken during 2008.

3

The FMLA recognizes two types of claims to enforce an employee's rights under the Act: interference and retaliation. In an interference claim, an employee contends that the employer burdened or denied substantive statutory rights to which the employee is entitled. 29 U.S.C. § 2615(a)(1). In a retaliation claim, an employee contends that an employer has discharged or discriminated against her for exercising her FMLA rights. 29 U.S.C. § 2615(a)(2). Plaintiff alleges both an interference claim and a retaliation claim.

1. **<u>Interference claim</u>**

To establish an FMLA interference claim, an employee must show that she was denied a benefit to which she was entitled under the Act. 29 U.S.C. § 2615(a)(1). After FMLA leave, an employee has the right "to be restored by the employer to the position of employment held by the employee when the leave commenced" or to an equivalent position. 29 U.S.C. § 2614(a)(1)(A); 29 C.F.R. § 825.214(a). This right, however, is not absolute. An employer can deny reinstatement "if it can demonstrate that it would have discharged the employee had he not been on FMLA leave." <u>Martin v. Brevard County Pub. Sch.</u>, 543 F.3d 1261, 1267 (11th Cir. 2008); *see also* 29 U.S.C. § 2614(a)(3)(B) (an employee returning from FMLA leave is not entitled to "any right, benefit, or position of employment other than any . . . to which the employee would have been entitled had the employee not taken the leave"). "In other words, if an employer can show that it refused to reinstate the employee for a reason wholly unrelated to the FMLA leave, the

employer is not liable." Strickland v. Water Works & Sewer Bd. of the City of Birmingham, 239 F.3d 1199, 1208 (11th Cir. 2001).

According to Defendant, Plaintiff was demoted because she did not work well with others and had failed to properly perform the inventory duties of an assistant manager on numerous occasions. The inventory problems were magnified while Plaintiff was on leave because items could not be located in the freezer and three workers had to be paid to come in over spring break and straighten up the inventory in the freezer. Defendant also states that while Plaintiff was on leave, the inventories were more accurate and the employees all worked together better.

Plaintiff contends that there are material facts in dispute as to whether Defendant would have demoted Plaintiff anyway had she not gone on leave. She points to the fact that there are no written records documenting the alleged poor performance, and that she had previously received good job performance reviews. Plaintiff argues that because there is no written record to support a contention that Defendant had been considering demoting Plaintiff prior to her leave and that the demotion would have happened anyway without the leave, Defendant is not entitled to summary judgment.

Contrary to Plaintiff's assertion, there is no requirement that there be some sort of written record showing that a demotion was contemplated prior to the leave. In fact, under the current state of FMLA law in the Eleventh Circuit, there could be no reported problems with an employee but if something comes to light while the employee is on leave that is unrelated to the leave that merits a demotion or

5

termination, an employer is within its rights not to reinstate the employee to the same or an equivalent position. See Schaaf v. SmithKline Beecham Corp., 602 F.3d 1236, 1236 (11th Cir. 2010).

The Court finds that Defendant has presented sufficient evidence to support its contention that Plaintiff was demoted for job-related reasons. Plaintiff herself admits that she was told several times prior to her leave that she had not done the inventory correctly. She admits that items in the freezer were not in the correct place, even though that was her responsibility. She further admits that she did not properly shelve certain inventory prior to going on leave, even though that was her responsibility as well. Plaintiff presents no evidence to dispute that Defendant had to pay three workers to come in over spring break to organize the inventory Plaintiff was supposed to organize before she went on leave. While there may not be written records, Plaintiff's deposition shows that she was well aware of problems with her performance.

The fact that the decision to demote Plaintiff was made while she was on FMLA leave does not change the outcome. This case is similar to Schaaf, which involved a regional vice president with GlaxoSmithKline who was demoted after returning from FMLA leave. 602 F.3d 1236. The plaintiff sued, claiming that her FMLA rights had been interfered with because she was not reinstated to her same position upon her return from leave. The defendant asserted that the plaintiff was demoted because of work-related problems discovered while the plaintiff was on leave.

The Schaaf plaintiff argued that she established an FMLA interference claim because but for her taking the leave, she would not have been demoted. This was because the defendant only found out about the plaintiff's deficiencies because she went on leave. The Eleventh Circuit soundly rejected that argument, stating that "[i]n an FMLA interference case, courts examine not whether the FMLA leave was the *but-for* cause of an employee's discharge or demotion, but rather whether it was the proximate cause." Id. at 1242 (emphasis in original). In other words, was the employee demoted for the reason that she took FMLA leave? The evidence showed that the plaintiff "was demoted because of managerial ineffectiveness that revealed itself in full only in her absence; she was not demoted because (i.e. *for the reason that*) she took FMLA leave." Id. at 1243 (emphasis in original).

Plaintiff's situation is no different from that of the Schaaf plaintiff. The full extent of Plaintiff's work performance problems was not known until she went on leave, as it was only when she was gone that all of the problems came to light. "The fact that the leave permitted the employer to discover the problems can not logically be a bar to the employer's ability to fire the deficient employee." Kohls v. Beverly Enterps. Wisconsin, Inc., 259 F.3d 799, 806 (7th Cir. 2001).

Further, Plaintiff has put forth no credible evidence to show that her leave was the proximate cause of her demotion. "[T]hat the FMLA leave allowed the employer to uncover prior deficiencies does not mean that the employee was fired *because of* the FMLA leave." Schaaf, 602 F.3d at 1242 (emphasis in original).

7

As Plaintiff has not established a genuine issue of material fact as to her FMLA interference claim, Defendant is entitled to summary judgment on that claim.

### 2. Retaliation claim

Plaintiff also contends that her demotion was in retaliation for exercising her FMLA rights. To succeed under the retaliation theory, Plaintiff must show that Defendant intentionally "discriminated against [her] because [s]he engaged in activity protected by the Act." Strickland, 239 F.3d at 1206.

Plaintiff does not contend that there is direct evidence of retaliatory intent on the part of Defendant, so the Court must use the burden-shifting framework established by the Supreme Court in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817 (1973). Under this framework, Plaintiff must first establish a prima facie case of retaliation by demonstrating (1) she engaged in statutorily protected activity, (2) she suffered an adverse employment decision, and (3) the decision was causally related to the protected activity. Martin, 543 F.3d at 1268.

Defendant does not really contest that Plaintiff has established a prima facie case for retaliation, and the Court finds that she has. Plaintiff has shown that she took leave for a serious health condition, that Defendant demoted her[2], and the demotion was temporally proximate to her leave. ("[T]he close temporal proximity

---

[2] It appears from the record that Defendant at one time contemplated taking the position that Plaintiff had not suffered an adverse employment decision. In the Court's opinion, it is clear that Plaintiff was demoted, which is an adverse employment decision.

between the [leave and demotion] . . . is more than sufficient to create a genuine issue of material fact of causal connection." Id. (citation omitted)).

The analysis does not end there, however. After Plaintiff establishes a prima facie case of retaliation, the burden shifts to Defendant to articulate a legitimate, non-discriminatory reason for the demotion. *See* id. Defendant has presented evidence that Plaintiff was not performing her job properly, the extent of which came to light when Plaintiff was on leave. Poor job performance is a legitimate non-discriminatory reason to demote an employee. *See* Hawkins v. PepsiCo, Inc., 203 F.3d 274, 278 (4th Cir. 2000).

As Defendant has met its burden of showing an independent, non-discriminatory basis for the demotion, the burden shifts back to Plaintiff to show that Defendant's reasons were in fact a pretext for discrimination. Schaaf, 602 F.3d at 1244. To satisfy her burden on this issue, Plaintiff must present evidence "sufficient to permit a reasonable factfinder to conclude that the reasons given by the employer were not the real reasons for the adverse employment decision." *See* Martin, 543 F.3d at 1268.

A plaintiff can meet this requirement by pointing to "weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions" in the articulated reasons. Jackson v. State of Ala. State Tenure Comm'n, 405 F.3d 1276, 1289 (11th Cir. 2005). "Because the plaintiff bears the burden of establishing pretext for discrimination, he must present significant probative evidence on the issue to avoid summary judgment." Mayfield v. Patterson Pump Co., 101 F.3d 1371, 1376 (11th

Cir. 1996) (quotation, quotation marks, and alterations omitted). In the Eleventh Circuit, if the reason presented by the employer is legitimate and non-discriminatory, the plaintiff must "'meet [the proffered] reason head on and rebut it, and the employee cannot succeed by simply quarreling with the wisdom of that reason.'" Brooks v. County Comm'n of Jefferson County, Ala., 446 F.3d 1160, 1163 (11th Cir. 2006) (quoting Chapman v. AI Transp., 229 F.3d 1012, 1030 (11th Cir. 2000)). "A reason is not pretext for discrimination 'unless it is shown *both* that the reason was false, *and* that discrimination was the real reason.'" Id. (quoting St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 515, 113 S.Ct. 2742 (1993)) (emphasis in original).

The pretext inquiry "is concerned with the employer's perception of the employee's performance, not the employee's own beliefs." Standard v. A.B.E.L. Servs., Inc., 161 F.3d 1318, 1332-33 (11th Cir. 1998). An employer "may fire an employee for a good reason, a bad reason, a reason based on erroneous facts, or for no reason at all, as long as its action is not for a discriminatory reason." Nix v. WLCY Radio, 738 F.2d 1181, 1187 (11th Cir. 1984).

Plaintiff points to the following as evidence of pretext: (1) the close temporal proximity between the leave and the demotion; (2) the fact that there were no written records showing problems with her job performance prior to her leave; and (3) deviations from Defendant's standard procedures.

Plaintiff correctly acknowledges that temporal proximity between the leave and the demotion is not enough, standing alone, to establish pretext. *See* Hurlbert v. St. Mary's Health Care Sys., Inc., 439 F.3d 1286, 1298 (11th Cir. 2006). Thus, the Court

must determine whether the alleged deviation from standard procedures and the lack of written records demonstrate pretext.

An employer's deviation from its own standard procedures may serve as evidence of pretext. Id. at 1299. However, the evidence Plaintiff points to has nothing to do with Defendant's internal employment procedures. Plaintiff claims there was an issue with how a district employee filled out paperwork for Plaintiff's disability retirement. That does not show that Defendant failed to follow its internal procedures as relates to the demotion. This alleged failure to follow procedure does not establish pretext. In any event, failure to follow internal procedures is generally not enough to create a genuine issue of fact as to discriminatory motive. *See* Grubb v. Southwest Airlines, 296 Fed. Appx. 383, 390 (5th Cir. 2008) (citing Moore v. Eli Lilly & Co., 990 F.2d 812, 819 (5th Cir. 1993)).

As for Plaintiff's claim that pretext can be established through the fact that she never received a written reprimand or warning about her job performance, the Court notes that Plaintiff has not pointed to any policy requiring that she receive a written notice before she could be demoted. If this were a case where there was conflicting evidence as to whether Plaintiff had been told there were problems with her work, perhaps the result might be different, but Plaintiff admits she was told on several occasions that there were problems. The lack of a written warning simply does not establish pretext.

11

The Court finds that Plaintiff has not presented sufficient evidence that would permit a factfinder to conclude that she was demoted for reasons other than her job performance. Defendant is entitled to summary judgment on the retaliation claim.

## IV.    CONCLUSION

For the reasons discussed in this Order, Defendant's Motion for Summary Judgment (Doc. 28) is granted on all Plaintiff's claims. The Clerk of Court is directed to close this case.

**SO ORDERED**, this the 14th day of March, 2011.

*s/  Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

mbh